## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

———————————

MIGUEL VALERO-VECILLA,

      Petitioner,

v.                                            No. 1:26-cv-00292-MLG-GBW

KRISTI NOEM, in her official capacity as
Secretary of the Department of Homeland Security;
PAMELA BONDI, in her official capacity as
Attorney General of the United States; TODD
LYONS, in his official capacity as Acting Director
and Senior Official Performing the Duties of the
Director of U.S. Immigration and Customs
Enforcement; MARY DE ANDA-YBARRA, in her
official capacity as Field Office Director of U.S.
Immigration and Customs Enforcement,
Enforcement and Removal Operations for the El
Paso Field Office; MELISSA ORTIZ, in official
capacity as Warden of Torrance County Detention
Facility,

      Respondents.

## ORDER TO SHOW CAUSE

Petitioner Miguel Valero-Vecilla is detained at the Torrance County Detention Facility in Estancia, New Mexico. Doc. 1 ¶¶ 1, 20. He challenges his continued detention and seeks a writ of habeas corpus under 28 U.S.C. § 2241 directing federal immigration authorities to release him from custody, or, in the alternative, to conduct a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days. Doc. 1 at 14-15. He also requests an award of attorney's fees and costs under the Equal Access to Justice Act, the issuance of an order that he not be transferred outside the District of New Mexico, and the issuance of an order requiring Respondents to show cause as to why this Petition should not be granted within three days. *Id.*

The Clerk's Office electronically served Valero-Vecilla's Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, on Respondents in accordance with the Standing Order filed January 28, 2026. *See* Standing Order, *In re Service of Process in Immigration Habeas Petitions Filed Pursuant to §§ 2241 et seq.*, No. 1:26-mc-00004 (D.N.M. Jan. 28, 2026); Doc. 3 (indicating electronic service was completed). The Court orders the Clerk's Office to e-mail a courtesy copy of this Order to the United States Attorney's Office for the District of New Mexico ("USAO") via the Civil Immigration mailbox. Within ten business days of receiving the Order,[1] the USAO must respond to the Petition and show cause why the Court should not grant the requested relief.

Under similar circumstances, this Court has granted requests for individualized bond hearings pursuant to 8 U.S.C. § 1226(a). *See, e.g.*, *Cortez-Gonzalez v. Noem,* No. 2:25-cv-00985-MLG-KK, 2025 WL 3485771, at *3-4, *6 (D.N.M. Dec. 4, 2025); *Gonzalez Ramos v. Dedos,* No. 1:25-cv-00975-MLG-KRS, 2025 WL 3653928, at *2-5 (D.N.M. Dec. 17, 2025); *Diaz-Cruz v. Dedos,* No. 1:25-cv-01117-MLG-JMR, 2025 WL 3628517, at *2 (D.N.M. Dec. 12, 2025). In doing so, the Court joins the "vast majority" of courts that have concluded that § 1226(a)—not § 1225(b)(2)(A)—governs the detention of noncitizens[2] like Valero-Vecilla, who has been residing in the United States since May 2023. Doc. 1 ¶ 1; *see, e.g.*, *Bethancourt Soto v. Soto*, No. 25-cv-16200, 2025 WL 2976572, at *7 (D.N.J. Oct. 22, 2025) (emphasis removed) (collecting cases concluding that "§ 1225(b)(2)(A) applies only to noncitizens who are actively, *i.e.*, affirmatively,

---

[1] The Standing Order issued on January 28, 2026, requires that the Court give Respondents at least ten business days to respond to the Petition. *See* Standing Order, *In re Service of Process in Immigration Habeas Petitions Filed Pursuant to §§ 2241 et seq.*, No. 1:26-mc-00004 (D.N.M. Jan. 28, 2026).

[2] This order "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020); *see generally* 8 U.S.C. § 1101(a)(3) ("The term 'alien' means any person not a citizen or national of the United States.").

'seeking admission' to the United States" and not to noncitizens who have already been residing in the United States).

Any response filed by the USAO must therefore demonstrate why the specific facts or procedural posture of this case warrant a departure from the Court's prior rulings. If Valero-Vecilla wishes to file a reply, he must do so within ten business days of the filing of any response. The Court will determine whether a hearing is necessary once briefing is complete.[3]

It is so ordered.

_____
UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA

---

[3] The Court generally does not permit remote appearances, so all interested counsel must appear for hearings in person.