IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MIGUEL VALERO-VECILLA,

    Petitioner,

v.   No. 1:26-cv-00292-MLG-GBW

KRISTI NOEM, in her official capacity as
Secretary of the Department of Homeland Security;
PAMELA BONDI, in her official capacity as
Attorney General of the United States; TODD
LYONS, in his official capacity as Acting Director
and Senior Official Performing the Duties of the
Director of U.S. Immigration and Customs
Enforcement; MARY DE ANDA-YBARRA, in her
official capacity as Field Office Director of U.S.
Immigration and Customs Enforcement,
Enforcement and Removal Operations for the El
Paso Field Office; MELISSA ORTIZ, in official
capacity as Warden of Torrance County Detention
Facility,

    Respondents.

**ORDER PARTIALLY GRANTING PETITION FOR WRIT
OF HABEAS CORPUS AND DIRECTING RESPONDENTS TO
CONDUCT A BOND HEARING PURSUANT TO 8 U.S.C. § 1226(a)**

Petitioner Miguel Valero-Vecilla challenges his continued detention and seeks a writ of habeas corpus under 28 U.S.C. § 2241 directing federal immigration authorities to release him from custody, or, in the alternative, to conduct a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days. Doc. 1 at 14-15. On February 19, 2026, federal Respondents filed a response to Valero-Vecilla's Petition for Writ of Habeas Corpus ("Petition"). *See* Doc. 9.

Whether Valero-Vecilla is eligible for a bond hearing pursuant to 8 U.S.C. § 1226(a), or whether he is instead subject to the mandatory detention provision provided by 8 U.S.C. § 1225(b)(2)(A), is a question the Court has already addressed in regard to similarly situated

1

petitioners.[1] *See, e.g.*, *Cortez-Gonzales v. Noem*, No. 2:25-cv-00985, 2025 WL 3485771, at *3-5 (D.N.M. Dec. 4, 2025); *Diaz-Cruz v. Dedos*, No. 1:25-cv-01117, 2025 WL 3628517, at *2 (D.N.M. Dec. 12, 2025); *Gonzales Ramos v. Dedos*, No. 1:25-cv-00975, 2025 WL 3653928, at *2-5 (D.N.M. Dec. 17, 2025). In doing so, the Court joins the "vast majority" of courts that have concluded that § 1226(a)—not § 1225(b)(2)(A)—governs the detention of noncitizens[2] like Valero-Vecilla, who has been residing in the United States since May 2023. Doc. 1 ¶ 1; *see, e.g.*, *Bethancourt Soto v. Soto*, No. 25-cv-16200, 2025 WL 2976572, at *7 (D.N.J. Oct. 22, 2025) (emphasis removed) (collecting cases concluding that "§ 1225(b)(2)(A) applies only to noncitizens who are actively, *i.e.*, affirmatively, 'seeking admission' to the United States" and not to noncitizens who have already been residing in the United States).

Federal Respondents agree the Court's previous rulings control the outcome of this case because "the facts are not materially distinguishable for purposes of the Court's decision on the legal issue of which statutory provision authorizes Petitioner's detention." *See* Doc. 9 at 2. They assert that Valero-Vecilla—like other similarly situated persons—is "subject to mandatory detention under § 1225(b) because he was present in the United States without being admitted or paroled." Doc. 9 at 2. In advancing this argument, federal Respondents once again cite the Board

---

[1] *Compare* § 1226(a)(2) ("On a warrant issued by the Attorney General, a[] [noncitizen] may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States . . . and pending such decision, the Attorney General . . . *may* release the [noncitizen] on . . . bond of at least $1,500 . . . ." (emphasis added)), *with* § 1225(b)(2)(A) ("[I]n the case of a[] [noncitizen] who is an applicant for admission, if the examining immigration officer determines that a[] [noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted, the [noncitizen] *shall* be detained for a proceeding under section 1229a . . . ." (emphasis added)).

[2] This order "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020); *see generally* 8 U.S.C. § 1101(a)(3) ("The term 'alien' means any person not a citizen or national of the United States.").

of Immigration Appeals' ("BIA") opinion in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). Doc. 9 at 2. The BIA's opinion is not binding on the Court, and the Court rejects the BIA's interpretation of the statutes for the same reasons articulated in its other decisions. *See, e.g.*, *Cortez-Gonzales*, 2025 WL 3485771, at *5 ("This Court is not bound by the BIA's interpretation of the relevant statutes—particularly when the [interpretation] lacks sound legal foundation."); *see also Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 386 (2024) ("The views of the Executive Branch [may] inform the judgment of the Judiciary, but [do] not supersede it.").

The Court therefore concludes § 1226(a) governs Valero-Vecilla's detention. Respondents' reliance on § 1225(b)(2)(A) to detain Valero-Vecilla without a bond hearing constitutes an ongoing violation of his right to due process under the Fifth Amendment to the United States Constitution. *See Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 785 (E.D. Mich. 2025) ("The discretionary bond framework under Section 1226(a) requires a bond hearing to make an individualized custody determination . . . . Therefore, without first evaluating [a noncitizen's] risk of flight or dangerousness, his detention is a violation of his due process rights."); *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention."); *see also Reno v. Flores*, 507 U.S. 292, 306 (1993) ("It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings."); *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("[O]nce [a] [noncitizen] enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent.").

Accordingly, the Court will grant Valero-Vecilla's request for a bond hearing. Federal Respondents are ordered to provide Valero-Vecilla with an individualized bond hearing pursuant

to § 1226(a) before a neutral immigration judge within seven days[3] of this Order's filing. At the bond hearing, federal Respondents must demonstrate by clear and convincing evidence[4] that Valero-Vecilla is a flight risk or danger to the community, justifying his continued detention. *See Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1240-46 (D.N.M. 2025) (concluding that, where the petitioner had "been unlawfully detained without due process in violation of his constitutional rights[,]" the appropriate remedy was "shifting the burden to the Government to prove, by clear and convincing evidence, that [the p]etitioner is at risk of flight and/or a danger to the community such that continued detention is necessary").

If federal Respondents fail to meet this evidentiary burden, Valero-Vecilla should be released on appropriate conditions. Federal Respondents are further ordered to file a status report within ten days of this Order's filing to certify their compliance. The status report must include when the bond hearing occurred, if bond was granted or denied, and, if bond was denied, the reason(s) for the denial. If Valero-Vecilla does not receive a bond hearing in accordance with this Order, the Court may order his immediate release.

---

[3] The deadlines in this order are to be calculated pursuant to Federal Rule of Civil Procedure 6.

[4] Several years ago, the United States Supreme Court declined to decide whether the Due Process Clause of the Fifth Amendment to the United States Constitution requires that noncitizens being detained pursuant to § 1225 and § 1226 receive periodic bond hearings "at which the Government proves by clear and convincing evidence that . . . detention remains justified." *Jennings v. Rodriguez*, 583 U.S. 281, 291, 312-14 (2018). "Since *Jennings*, a number of district courts have taken up the question left open by the Supreme Court, and there has emerged a consensus view that where, as here, the government seeks to detain an alien pending removal proceedings, it bears the burden of proving that such detention is justified." *Darko v. Sessions*, 342 F. Supp. 3d 429, 435 (S.D.N.Y. 2018). The Court agrees that "given the important constitutional interests at stake, and the risk of harm in the event of error, it is appropriate to require the government to bear the burden . . . ." *Id.* Thus, "in accordance with the overwhelming majority of courts to have decided the issue," the Court "concludes that the government must bear the burden by clear and convincing evidence." *Id.* at 436.

It is so ordered.

_____
UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA